UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATTHEWS,** *et al.* | **CIVIL ACTION** |
| **VERSUS** | **No. 06-4758** |
| **STATE FARM FIRE AND CASUALTY CO.** | **SECTION:  I/5** |

### ORDER AND REASONS

Before the Court is the motion for summary judgment filed on behalf of plaintiffs, Karen and Freeman Matthews.  For the following reasons, plaintiffs' motion is **DENIED**.

### *BACKGROUND*

On or about August 29, 2005, plaintiffs Karen and Freeman Matthews sustained extensive flood damage to their house and its contents as a result of Hurricane Katrina.[1]  It is undisputed that when Katrina made landfall, the property was insured by a Standard Flood Insurance Policy ("SFIP") written by defendant State Farm Fire and Casualty Company ("State Farm"), a Write-Your-Own Program carrier operating under the National Flood Insurance Program.[2]  The policy limited building loss coverage to $250,000, and personal property loss coverage to $100,000.[3]

In September 2005, plaintiffs timely completed and submitted a Proof of Loss form,[4] and

---

[1] Rec. Doc. No. 17-3, p. 1.

[2] Rec. Doc. No. 1, p. 2.

[3] Rec. Doc. No. 17-3, p. 1.

[4] Rec. Doc. No. 17-7, p. 34.

in December 2005, a State Farm claim representative conducted an initial inspection of the property.[5] The representative estimated building damage at $108,057.86 and content damage at $100,000.[6] Plaintiffs were subsequently compensated $110,613.76 for structural damages to the house.[7] After receiving initial payment, plaintiffs prepared their home for their return by performing repair work.[8] Plaintiffs state that they paid for the majority of the repairs with cash.[9] State Farm completed a second inspection of plaintiffs' residence in November 2006.[10] Upon re-appraisal, the adjuster estimated that the amount of damages was $216,609.98.[11] To date, State Farm has not compensated Plaintiffs for the difference between the original estimate and the adjusted estimate, which is $105,996.22.[12]

Plaintiffs instituted this lawsuit, claiming that State Farm failed to timely initiate loss adjustment in the wake of Hurricane Katrina and failed to timely tender a reasonable payment under the terms and conditions of its flood policy.[13] Plaintiffs' motion for summary judgment alleges that, by State Farm's own admission, plaintiffs were underpaid for property damage that

---

[5]Rec. Doc. No. 25, p. 4.

[6]Rec. Doc. No. 25, p. 4.

[7]Rec. Doc. No. 17-3, p. 1.

[8]Rec. Doc. No. 28-3, p. 3.

[9]Rec. Doc. No. 25-5, Def.'s Ex. 3.

[10]Rec. Doc. No. 25, p. 5.

[11]Rec. Doc. No. 17-3, p. 2.

[12]Rec. Doc. No. 17-3, p. 2.

[13]Rec. Doc. No. 1.


State Farm itself documented.[14]  Plaintiffs demand full compensation for damage sustained to their property.[15]  Defendant's opposition argues that plaintiffs are only entitled to recover, under the SFIP, the lesser of the policy limit, the replacement cost, or the actual cost of repair.[16]  Defendant also contends that as a condition to recovery under the SFIP, plaintiffs are required to properly document a flood insurance claim, including any repairs made, to support a claim for flood loss.[17]  Defendant contends that plaintiffs' failure to document the actual cost of repairs completed on the property precludes further recovery from State Farm.[18]

*LAW AND ANALYSIS*

**I. Standard of Law**

Summary judgment is proper when, after reviewing the "pleadings, depositions, answers to interrogatories . . . [and] affidavits," the court determines that there is no issue of material fact. Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986) (internal quotation omitted).

---

[14] Rec. Doc. No. 17.

[15] Rec. Doc. No. 17, p. 2.

[16] Rec. Doc. No. 25, p. 2.

[17] Rec. Doc. No. 25, pp. 13-14.

[18] Rec. Doc. No. 25, p. 13.

Once the party seeking the summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).  The showing of a genuine issue is not satisfied by creating some metaphysical doubt as to the material facts by conclusory allegations, unsubstantiated assertions, or by only a scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue.  *Id.*  The non-moving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [that party's] favor."  *Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731 (1999) (internal quotation and citation omitted) (alternation in original).

**II.  Discussion**

The Court finds that plaintiffs have not carried their burden to show the absence of a genuine issue of material fact.  According to the SFIP, plaintiffs are entitled to the lesser of the policy limit, the replacement cost, or the actual costs of repair for the damage to their home.  44 C.F.R. pt. 61, App. (A)(1), art. VII(V)(2)(a).  Plaintiffs admit that they have repaired their home to some extent; however, they have thus far produced no evidence to document the amount spent on these repairs.  Contrary to plaintiffs' assertion in their reply brief, the State Farm report of November 2006 estimating plaintiffs' flood damage at $216,609.98 does not suffice as evidence

of plaintiffs' actual repair expenses.[19]  Nor does plaintiffs' itemized repair estimate eliminate any issue of material fact as to how much plaintiffs' actually spent on the allegedly incomplete repairs.

The Court finds that a genuine issue of material fact exists with regard to the amount plaintiffs' spent to repair their home and the amount, if any, that defendant may owe to plaintiffs. Accordingly,

**IT IS ORDERED** that the motion for summary judgment filed on behalf of plaintiffs, Karen and Freeman Matthews,[20] is **DENIED**.

New Orleans, Louisiana, July  24th , 2007.

```
                                    LANCE M. AFRICK
                            UNITED STATES DISTRICT JUDGE
```

---

[19]*See* Rec. Doc. No. 28-3, p. 2.

[20]Rec. Doc. No. 17.